PELICAN LODGE, INC., v. THE MANHATTAN FIRE & MARINE
INSURANCE CO.

161 So. 724.
Division B.
Opinion Filed May 30, 1935.

*Beacham & Gaulden,* for Plaintiff in Error;
No appearance for Defendant in Error.

BUFORD, J.—In this case the writ of error brings for review judgment in favor of the defendant in the court below on demurrer to plaintiff's declaration which was founded upon the claim arising out of loss by windstorm.

The insurance company had insured the property involved against fire in the sum of $10,000 and later had issued a policy on the same building insuring against loss by tornado and windstorm in the sum of $2500.00. The windstorm insurance policy contained what is known as the co-insurance in which it was provided:

"Tornado and windstorm coverage subject to not less than Fifty (50) per cent co-insurance in accordance with clause B printed on back of this form.

"Clause A.—Deductible Clause.—(Applies to Tornado and Windstorm Coverage only).—In consideration of the rate of premium at which this policy is written, it is a condition of this contract that loss or damage by any one windstorm, cyclone, tornado, to the extent of $100.00 to each of the separate items of property covered hereunder, is not

recoverable, and this policy is liable only for loss or damage in excess thereof (or if there be other insurance, for its pro rata share in excess thereof.) This condition shall apply (1) separately to each building, if two or more buildings be covered hereunder, and (2) separately to building and separately to contents, if a building and its contents be insured hereunder, and (3) separately to the contents of each building if the contents of two or more buildings be insured hereunder; whether such insurance be written under specific schedule or under blanket form."

Clause B provides as follows:

"Clause B. Co-insurance Clause.—(Applies to Tornado and Windstorm coverage only.)—It is a part of the consideration of this policy, and the basis upon which the rate of premium is fixed, that the assured shall at all times maintain Tornado. insurance on each item of the property insured by this Policy, of not less than 50% (or such higher percentage as may be agreed upon and accepted in above paragraph referring thereto, in consideration of which a reduction in premium has been allowed) of the actual cash value thereof and, that failing so to do, the Assured shall be an insurer to the extent of such deficit and in that event shall bear his, her or their proportion of any loss."

The total damage by windstorm was agreed to be $700.00. After deducting the $100.00 which was referred to in the above provision of the policy there was left a balance of $600.00 and there was also an item of $25.15 for temporary repairs. The insurance company offered to pay one-half of the $600.00 plus $25.15 for temporary repairs and tendered the insured $325.15 in full settlement of liability before suit was instituted.

The plaintiff in error contends that the insured is not bound by the co-insurance clause because of the applica-

tion of the provisions of Chapter 11896, Acts of 1927, entitled:

"AN ACT REGULATING THE USE OF THE CO-INSURANCE CLAUSE."

Section 1 of the Act provides:

"That no fire insurance company licensed to do business in this State may issue any policy or contract of insurance covering either real or personal property in this State which shall contain any clause or. provision requiring the insured to take out or maintain a larger amount of insurance than that expressed in such policy, nor in any way provide that the insured shall be liable as a co-insurer with the company issuing the policy for any part of the loss or damage which may be caused by fire to the property described in such policy, and any such clause or provision shall be null and void and of no effect: Provided, the co-insurance clause or provision may be written in or attached to a policy or policies issued when there is stamped on the face of such policy the words 'CO-INSURANCE CONTRACT. The rate charged in this policy is based upon use of a co-insurance clause attached hereto, with the consent of the assured.' The rate for the insurance with and without the co-insurance clause shall be furnished the owner upon request."

It will be observed that this Act prohibits a fire insurance company licensed to do business in this State to issue any policy or contract * * * which in any way provides that the insured shall be liable as. a co-insurer with the company issuing the policy for any part of the loss or damage which may be caused by *fire* to the property described in the policy. (Italics supplied.)

As we construe the Act, the prohibition against the clause making the insured a co-insurer applies only to policies insuring against loss by fire.

We have read with interest the brief prepared by plaintiffs in error, although we have been furnished with no brief by opposing counsel, and have studied the authorities there cited. But, we do not think that the position of plaintiffs in error is tenable. The title to the Act is short but entirely sufficient because it fairly gives notice of the subject of the legislative Act. It is an Act to regulate the use of the co-insurance clause in insurance policies. The first part of the Act applies alike to policies written by fire insurance companies whether they be fire insurance policies or other policies. That provision is, 'No fire insurance company licensed to do business in this State may issue any policy or contract of insurance covering either real or personal property in this State which shall contain any clause or provision requiring the insured to take out or maintain a larger amount of insurance than that expressed in the policy." There is nothing in the policy here under consideration which violates that part of the Act; but that part of the Act which prohibits the insured being made liable as a co-insurer with the company issuing the policy applies by the terms of the Act only to fire insurance policies and not to all policies which might be issued by a fire insurance company.

We find no ambiguity in the language used. There was no inhibition in the statute against the company issuing such policy as was issued.

The judgment should be affirmed and it is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.